UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KEVIN GILL, SIERRA WHITLEY
                Plaintiffs,

Case #: 15 CV 5513 (ARR)(LB)

**COMPLAINT**

- Against -

JURY DEMAND

THE CITY OF NEW YORK and POM LESLY
LAFONTANT, SGT FRANK PANDULLO
POM GESLY JEAN, SGT VERDERBER, POM ROBERTO
ANTON, POM MOHAMMAD MIZRA, POM JASON
JACKSON, DT GEORGE KRANT, LT VEGA, SGT PERRINO
(All officers who responded to and/or Supervised a warrantless
search of Plaintiffs' home on 6/21/2014),
SGT OSCAR NUNEZ,
(Who responded to incidents on 8/13/2014 & 8/14/2014), POF
CRYSTAL HORNE, LT JOHN HOPKINS, POM LAURANCE
LAVERTY, SGT STEPHE RINALDI, POM RAMOS, POM
FRITZ DUVAL, POM ARIEL ANGLIN
(who were involved in arrest of plaintiff on 8/15/2014)
    ,                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
Plaintiffs, KEVIN GILL, SIERRA WHITLEY by Pro Se complaining of the
defendants herein, THE CITY OF NEW YORK, and POM LESLY
LAFONTANT, SGT FRANK PANDULLO POM GESLY JEAN,
SGT VERDERBER, POM ROBERTO ANTON, POM MOHAMMAD
MIZRA, POM JASON JACKSON, DT GEORGE KRANT, LT VEGA,
SGT PERRINO, SGT OSCAR NUNEZ, POF CRYSTAL HORNE,
LT JOHN HOPKINS, POM LAURANCE LAVERTY, SGT STEPHE
RINALDI, POM RAMOS, POM FRITZ DUVAL, POM ARIEL ANGLIN
(collectively, "Defendants" ), respectfully allege as follows:

NATURE OF THE ACTION

1.        This is an action at law to redress the deprivation of rights secured to
the plaintiffs under color of statue, ordinance, regulation, custom,

and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth and Fourteenth Amendments in the United States Constitution of the United States, and by Title 42 U.S.C. § 1983 [ and § 1985 ], {and arising under the law and statutes of the City and State of New York}.

## JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28  U.S.C. § 1367, and under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4.      Plaintiffs are and were at all times material herein residents of the United States and The State of New York.

5.      At all relevant times, individual defendants (hereinafter "defendant officers") were upon information and belief, and still are, agents and/or officers employed by defendant The City of New York.

6.      At all times herein, the defendant officers were acting under their official capacity, and their acts were/are performed under color of the statues and ordinances of the City of New York, and/or the State of New York.   Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that . their acts are imputed to the City of New York.

7.      At all relevant times, the defendant - The City of New York was and is a municipal corporation duly organized and existing under the laws of The State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation, and/or at the direction of the defendant, The City of New York.

8.      Plaintiffs are suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION

9.      On June 21, 2014, approximately 7: 45 pm - according to eye witnesses and documents disclosed by City Counsel, officers of the 73rd Precinct and Emergency Services Unit of 1000 Sutter Av. in Kings County -    did forcibly break into and

search plaintiffs' home - damaging the doors, door frames, windows and structure of plaintiffs home - without probable cause and without warrant;   breaching and violating plaintiffs' Fourth and Fourteenth Amendment rights. Notwithstanding, Plaintiffs' Gill and Whitley also alleged there was a willful attempt to "cover up" the property damage done to plaintiffs' home- therefore entitling them to compensatory and punitive damages.   (Please refer to Exhibits, Pictures, and Affidavits)

10.   According to a criminal complaint and arrest reports, defendants involved did arrest one Barry Langston on June 21, 2014 7:30 p.m. for petty larceny.   According to confidential and sworn witnesses who work/hang out at the Auto Shop located at (which is adjacent to plaintiffs property), police officers searched plaintiffs' property to look for a gold chain. After an unsuccessful search of plaintiffs backyard, "Emergency Services Squad" ( defendants' POM Jason Jackson and Dt. George Kant) was called.   Subsequently plaintiffs' front doors were forcibly opened and ripped apart. This warrantless search was Supervised by LT. Vega, SGT. Frank Pandullo, and SGT. Vanderber of the 73rd precinct. Other witnesses, including Dale Ellison of 1939 Park pl. Brooklyn - have emphatically told Plaintiff Gill "they were on your roof with machines guns." Dale Ellison can be reached at (347) 742-6666.

11.   Plaintiff Whitley, returning home from an errand, did witness Police officers (including higher ranking officers) in and around the entrance doors of 1519 East New York Av.   Plaintiff Whitley did not walk up to her residence for fear of being implicated in criminal activity. Instead, she walked away from the scene.

12.   On June 22, 2014 after being told by a clerk at the local laundromat ( Harry Brown ) that "I heard police ran into your house."
Plaintiff Kevin Gill, did visit 73rd Precinct to inquire about the "Break In " and was told by two male negro officers that "Somebody you know probably did it."

13.   Plaintiff Gill was not advised of any remedies or actions to take on his own behalf or on behalf of other individuals whose privacy was violated.

14.   On July 4, 2014, Plaintiff did call 73rd Precinct in effort to make a formal complaint.   Officer Mizra and Officer Anton were dispatched to 1519 East New York Ave. PH, Brooklyn NY

11212. Officers Mizra and Anton both refused to make a report of the complained incident claiming : "You are a squatter... " and "You don't have any right to honor."

15. On July 5, 2014 this denial of due process was reported to I.G. via 311. A complaint number : 2014 - 23 - 241 was obtained.

16. Also, on July 5, 2014, officers again were dispatched to 1519 East New York Ave. Brooklyn, NY 11212 to make a formal report. Up to this present date, no report has been made or filed and no one can offer additional information or details or produce legal proof of any legal warrant or instrument signed by an appropriate Judicial authority.

17. That each and every officer and/or individuals who responded to, had any involvement and/or was present at the location of the unlawful entry/search, knew and was fully aware that the search was illegal and unwarranted.

18. As a result of the incident by defendant officers, plaintiffs suffered and continue to suffer physical and emotional distress, fear, embarrassment, humiliation, insecurity, loss of use of properties, displacement, discomfort, loss of consortium, financial losses, pain and defamation.

19. Additionally, defendants' destruction of plaintiffs property caused the loss of use of both the residential and commercial parts of the property. As a result of the violation, Plaintiffs have suffered displacement and loss of wages while enduring physical overexertion and stress due to the unsecured state of their property.

20. Plaintiff Gill is infirmed (SSD pending) from being struck by a City Bus in June of 2013, and has been unable to secure the income or capital needed to repair/replace his door frame, doors, steel gate, door jambs, windows, and safety bars. The time and exertion spent "checking up" on his property; securing and resecuring barriers to prevent intruders and vandals - has caused his physical ailments and stress to compound. For safety, plaintiffs' have moved their primary effects to a different residence. Nevertheless, 1519 E. New York av. PH has been broken into several times by vandals and/or squatters and property stalkers - since February 2015. Plaintiffs' have also been locked out of their home other occasions - all occurrences during and after February of 2015.

21. On 8 / 13 / 2014 approximately 2:20 p.m. near 40 Glenmore Ave.

(Watkins St.) and the Brooklyn Public Library, JOHN DOES' #1-4 in unmarked car bearing the license plate #DUC7183 did stop plaintiff - who was walking Sierra Whitley - and did demand he give them identification. (Refer to Affidavit)

22.    Plaintiff asked officers JOHN DOES' #1-4 "Why I have to give you my ID?" which prompted   JOHN DOE to answer "Because I said so." Plaintiff who feared for his life, reached into his pocket and gave identification to the driver.

23.    Defendant then asked plaintiff about the dbx cable he had in his shopping cart.

24.    Plaintiff stated that the items he had was from his basement and he was on his way to the recycler.

25.    Defendant officers then told plaintiff that he could not leave until they found out via radio from the "base" if he had a warrant, and that if he had no warrant he would be set free.

26.    After over several minutes passed,   JOHN DOE'S #1-2 did exit unmarked vehicle bearing license plate #DUC7183 and proceeded to search plaintiff by lifting up his shirt.   He was also asked if he had any weapons to which plaintiff responded "no".

27.    Defendant officers #1-4 then told plaintiff that other officers were coming to take him to his address so he (plaintiff) could prove he lives there.

28.    After more than several minutes uniformed officer(s) SGT. NUNEZ and JOHN DOES #1-6 arrived.   A conversation was held between Plain clothed JOHN DOES #1-4 and uniformed officers SGT. NUNEZ and JOHN DOES #1-6.

29.    Several minutes later Plaintiff Gill was told that he may leave.

30.    Investigative reports by CCRB as well as records disclosed by City Counsel confirm the presence of at least 3 "Anti-Crime" officers from BK NORTH NARC unit were working in the area. Records also confirm the vehicle was used that day. At this time the names of the 4 narcs' have not been specified. Nevertheless, witnesses to the ordeal include Tobi Thomas, employee of the Brooklyn Public Library and Renay Donaldson, tenant of 1590 East New York av #3b.

31.    That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the unlawful stop

detainment and search knew and was fully aware that the plaintiff did not commit any crime or offense.

32.  As a result of the incident by defendant officers, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, displacement, discomfort, loss of consortium, financial losses, pain, and defamation.

33.  On 8/14/2014, approximately 7:30 am., plaintiff Gill - while doing his laundry at "Clean Rite" located on 1199 Eastern Parkway, saw Elaine Williams walk out the laundromat with his bag - which contained a "HTC One" smart phone, Nikon battery charger and battery. Gill recognized Williams as a homeless person who sometimes loitered in the laundromat. (Refer to Affidavit)

34.  Plaintiff Gill gathered his clothes, went home and told Sierra Whitley. The two went out to look for for Elaine Williams.

35.  At around 11:30 am. Plaintiff Gill confronted Elaine Williams on Watkins and Stone av. and Gill told 2 female officers that Williams had stole his bag a few hours ago. Moments later after Williams was in hand cuffs - LT. Oscar Nunez came on the scene and told the 2 female officers to release Elaine Williams.

36.  Sgt. Nunez - in a belligerent manner - told Gill "you lied about your address yesterday." Stunned and bewildered Gill then asked the officer "what you talking about?". Officer Nunez then stated. "yesterday, we let you go yesterday, you lied about your address!" Gill, who didn't recognize Sgt. Nunez Said "my address is on I.D. card". Sgt Nunez then told Gill that he could not even make a "criminal complaint" because "you have no rights, go.." he then boasted that he was "Lieutenant Nunez!"

37.  On Friday 08 / 15 / 2014 approximately 12 noon at Atlantic Ave. and Gunther Pl. defendants LT. John Hopkins and POM Laurance Laverty of the 67th precinct , along with POM Crystal Horne of the 73rd precinct - driving east along Atlantic av -   in an . unmarked black or dark blue vehicle approached Plaintiff Gill and demanded him to produce "Identification."

38.  At No time was plaintiff allowed to leave or to continue about his course of business.

39.  Plaintiff Gill asked the driver "why you need I.d. from me?" The driving replied "I heard you got young kids out here selling water."   Disgusted with the implication, Plaintiff Gill spat back " I aint got no kids working for me; that's conspiracy!" The driving officer then told Gill that he was "obstructing traffic" and "selling water without a license" Plaintiff Gill responded   "i have the right to sell my property just like soccer moms sell water and cookies."

40.     When Gill could not produce "Identification" the two male officers searched and seized him - leaving his property (cooler & bag) on the sidewalk.

41.     During transport to 73rd precinct Defendant Horne told defendants Hopkins and Laverty "lets get the guy selling water on Lavonia" to which the driver replied "we'll get him another time, its no room."

42.     At the 73rd precinct, Plaintiff Gill was forcibly 'fingerprinted" by POM Ramos. Defendant Ramos told Gill he was being arrested because he had "warrant". Gill replied "you don't have a warrant to arrest me" ... "that's to appear in court for a violation, not a crime."

43.     Defendant Ramos then told Gill he could get a vendors permit on Pennsylvania and Liberty - in order to sell his property. Gill told defendant Ramos "ya'll just profiling me because Im native American" This warrantless arrest was approved by SGT. Stephe Ranaldi.

44.     Several hours later, Gill was transported to "Central Booking" (and "processed") by Defendants POM Fritz Duval and POM Ariel Anglin.

45.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the present location of the unlawful stop, detainment, search, arrest and process, knew and was fully aware that the plaintiff did not commit any crime or offense.

46.     As a result of the incident by defendant officers, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, displacement, discomfort, loss of consortium, financial losses, pain, strain, and defamation.

47.     The actions of the defendants, acting under the color of the State Law, deprived plaintiff of rights to due process and rights, remedies, privileges, and immunities under the laws of the Constitution of the United States, treaties, ordinances, customary International laws and norms, custom and usage of a right; in particular, the right to be secure in and with their own person, and to be free from abuse of process.

48.     Plaintiff has been the victim of several other attacks and violations by officers of the 73rd Precinct.

49.     The actions of the defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws of the Constitution of the United States, treaties, ordinances, customary international law and

norms, custom and usage of a right; in particular, the right to be secure in their own person and property, to be free from abuse of process and the right to due process.

50.     Plaintiffs' have been the victim of several other attacks and violations by officers the 73rd Precinct.

FIRST CAUSE OF ACTION : 42 U.S.C. 1983

51.     By this reference, plaintiffs incorporation each and every allegation and averment set forth in paragraphs 1 - 50 of this complaint as though fully set forth herein.

52.     The conduct of defendant officers, as described herein, amounted to loss of use false arrest, unlawful entry, excessive use of force, malicious abuse of process, failure to intervene, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, racial profiling, abuse of authority, unlawful taking of private property, pattern of harassment, conspiracy, discrimination, Selective enforcement, fabrications of evidences, denial of equal protection of the laws, denial of right to a fair trial, denial of due process rights and malicious prosecutions.

53.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

54.     Consequently, plaintiffs have been damaged and hereby deemed compensatory and punitive damages in an amount to be prove at trial against each of the defendants. individually and severally.

SECOND CAUSE OF ACTION : FAILURE TO
TRAIN / SUPERVISE / DISCIPLINE AND
MUNICIPAL POLICY - against defendant The City Of New York -

55.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 - 54 of this complaint as though fully set forth herein.

56.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto polices, practices, custom and/or usages of failing to properly train supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, has failed to promulgate, put into effect and monitor the enforcement of appropriate rules to ensure warrantless searches of people and/or their places, materials, papers and effects are not engaged.

57.     Further, the existence of the aforesaid unconstitutional policies,

practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

58.    Upon information and belief, many of the named individual defendants have a lengthy substantiated history of police misconduct, fraud and dishonesty. further, many of the named individual defendants are named defendants in numerous lawsuits in this district and in the Southern District of New York alleging similar as those alleged herein-- many of which lawsuits have been settled by defendant City of New York with said defendant making substantial monetary payments to the plaintiffs in the said lawsuits.

59.    In addition to the named individual defendants, several officers of the NYPD assigned to the 73rd Precinct as the named individual defendants routinely perform warrantless searches and make unlawful
arrests charging innocent persons with various crimes and/or offenses.

60.    Most of the arrests and charges made by officers assigned to the NYPD 73rd Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

61.    Defendant, The City Of New York, has settled numerous of lawsuits brought in this district against several officers assigned to the NYPD 73rd Precinct concerning similar behavior as described herein.

62.    Defendant, The City Of New York   maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs and/or usages lead to improper conduct by its police officers and employees.   In failing to take any corrective actions, defendant The City Of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs injuries as described herein.

63.    The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treaties, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, the right to be free from abuse of process, the excessive use of force, and the right to due process.

64.    By these actions, defendants have deprived plaintiffs of rights

secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION : 42 U.S.C. § 1985

65.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 - 64 of this complaint as though fully set forth herein.

66.     In an effort to cover up the lawless activity of property damage and violations of plaintiffs due process, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983,

and by the Fourth and Fourteenth amendments in the United States Constitution, because of their perceived social status, race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

67.     In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiffs of their constitutional and federal rights in violation of 42 U.S.C. § 1985.

68.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein before stated.

### FOURTH CAUSE OF ACTION   : NEW YORK STATE CONSTITUTION, Article I, §   6 , 11 and 12

69.     By this reference, plaintiffs incorporate each and every allegation And averment set forth in paragraphs 1 - 68 of this complaint as though fully set forth herein.   By reason of the foregoing, and by breaking into plaintiffs home without probable cause or reasonable suspicion and refusal to document by report, depriving plaintiffs of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities, guaranteed to every New Yorker by Article I § 6 ( providing for due process ) , Article I § 11 ( prohibiting discrimination in Civil Rights and providing for equal protection of laws ) , & Article I § 12 ( prohibiting unreasonable search & seizures ) of the New York Constitution.

70.     In addition, defendant officers conspired among themselves and conspired with other individuals to deprive the plaintiffs of the constitutional rights secured by Article I, §§ 6, 11 & 12 of the

New York Constitution and even took numerous overt steps in furtherance of such conspiracy as set forth above.

71. Defendant officers acted under pretense and color of State law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees'.   Defendant officers' acts beyond the scope of their jurisdiction without the authority of law and in abuse of their powers.   Defendant officers acted willfully, knowingly, and with the specific intent to deprive the plaintiffs of their constitutional rights in Article I §§ 6 , 11 & 12 of The New York Constitution .

72. Defendant officers, agents, servants, and the employees were responsible for the deprivation of plaintiffs' State Constitutional Rights.

## FIFTH CAUSE OF ACTION :
## UNCONSTITUTIONAL
## LOITERING ARRESTS - and - Other New York Torts

73. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 - 72 of this complaint as though fully set forth herein.

74. Plaintiffs now asks their Honorable Judge and jury to consider punitive damages due to willful negligence's.

75. fundamental to the U.S. Constitution is the right to Autonomous life and liberty. Freedoms which include selling or trading ones property, or asking for help. Indeed to deny one these liberties is to deny her/him the right to live.

76. Harassing and/or arresting Plaintiff Gill because he asked someone to put him on the subway, sells metal or beverages, has been deemed unconstitutional by the "Judiciary" on behalf of the People.

77. In recent years this issue has been revisited via the "NYC LOITERING LAWSUIT SETTLEMENT" - which plaintiff Gill was a claimant (Class A)

78. Indeed, the bench warrant that Gill was processed and sentenced to Rikers Island for on 8/15/14    involved an incident where Gill committed no offense (Nov-2012). He merely asked to put him on the train and was attacked, seized, searched and arrested - by one Officer Joseph of Transit (32 precinct) for 'resisting arrest'.

79. The conduct of the defendants', as described herein, amounted to trespass, unreasonable search, unlawful stop, special injury,

loss of consortium, defamation, fraud, harassment, negligence and intentional infliction of emotional distress, displacement, loss of use and negligent hiring and retention of defendant officers.

80. The constant pressure on police officers to disenfranchise persons deemed to be indigenous Americans, native Americans, colored, or African-American and the associated environmental stress has disabled the Plaintiffs.

81. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants individually and severally.

WHEREFORE, plaintiffs respectfully pray judgement as follows :

a. For compensatory damages against all defendants in an amount to be proven at trial ;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial ;

c. For all costs of Plaintiffs theoretical time spent, preparation and execution of Complaint ( this includes but is not limited to costs of copies, notarized affidavits, certified mail, ink, paper, etc. )

d. For such other and further relief that this court deems proper.

## DEMAND FOR TRIAL BY JURY

 Pursuant to Rule 38 ( b ) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

**I declare under penalty of perjury that the above/foregoing is true and correct.**

Signed this 4th day of JUNE , 20 16.

Signature of Plaintiff (s) : _Kevin Gill_ ( K. G.)

_Sonia Whitley_

Mailing Address : 1519 East New York Ave.
Brooklyn, NY 11212

Telephone Number ( s ) : (347) 241-8805

(917) 586-9475

**NOTARY**

## <u>AFFIDAVIT OF ADVERSE POSSESSION</u>
(Color of Title)

STATE OF NEW YORK)
                    ) SS.
COUNTY OF KINGS.   )

BEFORE ME, the undersigned authority, on this day personally appeared
_____ Affiant; who, being by me duly sworn,
Made the following Statements and swore that they were true:

"My name is Kevin Bryan Gill and I reside at 1519 East New York Avenue;
Brooklyn, NY 11212 in King's County, New York.

I am of sound mind and capable of making this affidavit.  I am personally
acquainted with the facts herein stated concerning the open use, open occupation
and apparent ownership of the land and improvements located at :

**Legal Description:**  BLK  1465  LOT  39 ; more commonly known as
1519 East New York Avenue (PH) Brooklyn, NY 11212

I hereby swear and affirm that I have continuously and adversely possessed the
above described property since November 1st, 2006;  to the exclusion of all others.

My claim is based upon my actual and visible appropriation and possession of the
above mentioned property. Hereby being open and notorious, peaceably possessing
it due to abandonment.  I have performed duties such as tilled the land, cultivation,
removing rubbish and garbage from publicly used walkways and front and back
yard, kept out strangers/security, collected mail, improving and doing all acts
possible and necessary in the maintenance of the said property.  Also; whereby, I
intend to continue to enjoy and make further improvements because this is my
personal dwelling by survivorship and inheritance while still in occupancy and also
by adverse possession in instances where there is still another tenant.

I am the owner of all personal property, chattels and fixtures attached to,
appurtenant to or used in the operation of said premises without any claim of any

kind. I further aver that my possession of this real property has at all times been with color of title uninterrupted and continuous; open and notorious; and hostile and adverse to all others and exclusive of the right or claim of and person, operation, proposal, and corporation. At no time have I, the legal owner and Administrator, ever made any agreement, verbal or contractual, with any documented or alleged owner, possessor or agent of said premises.

I respectfully request you publish this document in order to notify any parties that claim to have any ownership or interest in said property.

_____   Affiant

SUBSCRIBED AND SWORN TO BEFORE ME by the above-named Affiant on

25ᵗʰ May 2016 to certify which witness my hand and official seal.

_____   NOTARY PUBLIC

LAUREL ELIZABETH GREENWOOD
NOTARY PUBLIC-STATE OF NEW YORK
No. 01-GR6054556
Qualified in Kings and Queens Co in
Commission Expires February 05, 2019

As approached my home, 1525 e. New York Ave, Brooklyn, ny 11212, around 9:00 pm Saturday June 21 2014, there was a police cruiser in front of my home. An older black male officer asked "you live here young man?" I answered yes then he asked for some i.d.  I then asked "for what?" and his reply was that it "looks as if no one lives" here.

That's when I noticed that the entrance door leading upstairs was ajar. The whole door frame, gate and surrounding supporting wood had been ripped apart. I turned and asked the officer "y'all did this?". He shrugged his shoulders. That'd when I also noticed the office entrance was open. This officer just told me to make a report and sped off toward the direction of 73rd precinct. I walked into my home.

That following Sunday morning I was told initially by several neighbors and my co-tenant sierra Whitley that police officers from the 73rd precinct had broken into my home. I was later told by the car mechanics that work behind my house that they were looking for someone who stole something.

73rd precinct has refused my several attempts to report this incident of illegal search and property damage.

On Sunday 6/22/14 I went to 73 precinct and was told that it was "someone you know" who broke into and destroyed my home. They were dismissive and uncooperative.

On friday July 4 officers mizra and Anton were dispatched to receive my report of the incident. These officers refused to make a police report.

On Saturday July 5 I reported this discrimination to I.G. the complaint #2014-23-241

On said July, two other officers went over to my house, but a report was never filed. This lawless and unethical behavior on the part of precinct 73 has put a strain on my life and relationships. I hope to settle this matter soon.

KEVIN GILL

XXXX

DANIEL VELEZ
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01VE6139182
Qualified in Kings County
Commission Expires January 3, 20 18

State of NY, County of KINGS
Signed before me on this 17th day
of June, 2015 by KEVIN B. GILL
Notary Public Daniel Velez

7/07/2015

To whom this may concern:

My name is Rashad Baldwin of 41 rockaway pkwy, Brooklyn N.Y. 11212 and I swear that the following is

true and correct:

On Saturday June 21, 2015 at around  7 pm I did see police officers from the 73rd precinct break the

door of 1519 east new av. I did also witness officers go into this house. I did see about 5 police cars and

commanding officers. I do not know why they broke into this home.

07-09-18

HILTON M. KEYES
NOTARY PUBLIC - STATE OF NEW YORK
No. 01KE6121369
Qualified in Kings County
Commission Expires January 24, 2017

I, Sierra T. Whitley, do declare by the penalty if perjury that the foregoing is true:

On the day of June 21, 2014 at about 7:00pm I was in my way home from the store when I witnessed police officers entering my residence at 1519 East New York Ave., #2 Brooklyn, NY. 11212. These officers entered forcibly by tearing the door frame from the wood and metal gate away. These officers from the 73rd precinct also forcibly entered the second entrance. Since then my door has been broken and I feel unsafe not knowing if police will barge in on my privacy.

There is also a window missing on the second floor and gate to the other window.

June 4, 2015

State of NY county of KINGS
Signed before me on this 12TH day
of June 2015 by Whitley Sierra
Notary Public Daniel Velez

DANIEL VELEZ
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01VE6139182
Qualified in Kings County
Commission Expires January 3, 20 18

My name is Rodney Barzey from 1724 pickin av. I swear by the following:

On Saturday June 21 2014, at around 7:00 pm while working on prospect and rockaway Av in Brooklyn I did witness police from the 73 precinct in the backyard and on the roof of 1519 east new York Av. I think they were looking for a pocket book or jewelry.

6/18/2015

SWORN TO BEFORE ME ON THIS 18th DAY OF JUNE 2015

MELISSA CRUZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CR6116265
Qualified in Kings County
My Commission Expires September 07, 2016

I, Sierra Whitley, am witness to an occurrence of police harassment that resulted in an illegal stop and frisk procedure and identification check on 08/13/2014 conducted by both undercover officers and officers of the NYPD 73rd Precinct.

Kevin Gill was stopped and frisked while pushing a cart filled with items of and for scrap on Watkins Street and Glenmore Avenue  in front of Brooklyn Public Library's Brownsville Branch on 08/13/2014 during the afternoon.

Kevin Gill was not hostile, gesturing, or being the least bit threatening; however, was approached by suspicion oddly for walking the street with scrap and holding a conversation while traveling down the street.

Kevin Gill was stopped in his days course by an unmarked car, searched, questioned, asked to present identification first; then, for further inquiry and verification- officers of the Police Van, commencing to clear Kevin Gill  for departure from their illegal holding on the street after over half an hour in front of the Brownsville Library being "checked" randomly and found to be with no reason to had been in that predicament of an incident anyway.

I declare under penalty of perjury the aforementioned is true.

Sierra Whitley (S.W.)

I, Sierra Whitley, bear witness to the life and certain various events in regards to Kevin Gill.

I declare under penalty of perjury the aforementioned is true:

On August 14, 2014, I was awoken early that morning and never got to notice the time when Kevin Gill walked into my home on East New York Ave. expressing that he was missing a bag of laundry from the laundromat that he had put the clean clothes in with his HTC smartphone and whatever else.

Later, this same morning about 11:30am Kevin Gill and I were on the block walking along Mother Gaston Blvd. when he spotted the woman whom he claims stole the clothes and the smartphone and addressed the situation with officers of the 73rd precinct.

 I cannot recall anyone else's name except for Officer Nunez.  I cannot recall any other conversation or question but do remember going to the police station with Kevin Gill because they said they needed him to file a report.

*Sierra Whitley (S.W).*



6/4/2016

Dear Counsel Garcia:

 Please accept this amendment. After some consideration we decided to keep

 To keep Ms. Sierra Whitley as a plaintiff. We also decided to place SGT. Nunez as

 A defendant. Thank you for your patience and guidance and please excuse our tardiness.

KEVIN B GILL
1519 E. NEW YORK AV PH
BKLYN, N.Y. 11210



U.S. POSTAGE
PAID
BROOKLYN, NY
11212
JUN 04, 16
AMOUNT
$2.20
R2305K136227-24

1000    11201

HON. JUDGE BLOOM
225 CADMAN PLZ
BKLYN, NY 11201

USMS